TIMOTHY S. BLACKFORD (Bar No. 190900)
KATHERINE J. LARSON (Bar No. 259556)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendants
EBIX, INC. and EBIX SOFTWARE INDIA
PRIVATE LIMITED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG A. IRVING, an individual, as the Representative of the Shareholders of ConfirmNet Corporation, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EBIX, INC., a Delaware corporation, and EBIX SOFTWARE INDIA PRIVATE LIMITED, a private limited company formed under the laws of India,<br><br>Defendants. | CV NO. 10 CV 0762 JLS (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER PERMITTING SUBSTITUTION OF UNDERTAKING FOR PROPERTY THAT HAS BEEN OR IS SUBJECT TO BEING ATTACHED**<br><br>Date:           September 30, 2010<br>Time:          1:30 p.m.<br>Courtroom:  6 (3rd Floor)<br>Judge:         Hon. Janis L. Sammartino<br><br>Complaint Filed:   April 12, 2010<br>Trial Date:           Not yet set |

Defendants Ebix, Inc. and Ebix Software India Private Limited (collectively "Ebix") respectfully submit the following motion pursuant to California Code of Civil Procedure section 489.310 for an order permitting Ebix to substitute an undertaking of its own for its property that has been or is subject to being attached.

## I.   INTRODUCTION

This Court recently issued a writ of attachment. Upon issuance of a writ, California law provides a defendant with the right to avoid attachment of its property by substituting a sufficient counterbond. Such counterbond provides the plaintiff with the same or better security than the writ alone, and can avoid unnecessary disruption of a defendants' business. The California Code of Civil Procedure, which is applicable to writ proceedings, states that the Court must issue an order permitting such substitution on the condition that a sufficient undertaking is filed. Ebix hereby requests such an order.

The procedural summary relevant to this motion is as follows: On July 29, 2010, Plaintiff's Motion for Right to Attach Order and Writ of Attachment ("Motion for Writ of Attachment") came for hearing before this Court. The Court took the matter under submission and, on August 10, 2010, issued an Order granting in part and denying in part Plaintiff's motion ("August 10 Order"). The Court found that Plaintiff had met the statutory requirements as to part of the claims, and issued a writ of attachment in the amount of $319,192.41. On August 19, 2010, the Court ordered Plaintiff to file a $35,000 undertaking for the writ. Plaintiff deposited the required undertaking on August 20, 2010, and submitted a proposed order issuing the writ of attachment. The writ was subsequently signed by the Court and issued on August 26, 2010.

After a writ of attachment has been issued, California Code of Civil Procedure section 489.310 allows a defendant to request permission to substitute an undertaking of its own for any property which has been or is subject to being attached. The amount of the undertaking must be equal to the lesser of (1) the value of the property attached or prevented from being attached or (2) the amount specified by the writ to be secured by the attachment. Here, a sufficient undertaking would be $319,192.41 -- the full amount of the writ of attachment. If the Court

/////

deems some other amount to be necessary to comply with the statute, Ebix will provide an undertaking in that amount.

## II. EBIX MAY SUBSTITUTE ITS OWN UNDERTAKING FOR ANY OF ITS PROPERTY THAT HAS BEEN OR IS SUBJECT TO BEING ATTACHED

District courts sitting in California apply California state statues governing prejudgment writs of attachment. *Reebok Int'l v. Marnateck Enters.*, 970 F. 2d 552, 558 (9th Cir. 1992); *Aschkar and Co. v. Curtis,* 327 F. 2d 306, 310 (9th Cir. 1963). As stated above, after a writ is issued, a defendant who has appeared in the action may apply by noticed motion for an order permitting the defendant to substitute an undertaking for any of defendant's property in the state which has been or is subject to being attached. Cal. Civ. Proc. Code § 489.310(a). The court shall issue such an order upon the condition that a sufficient undertaking be filed. Cal. Civ. Proc. Code § 489.310(b). The undertaking must be equal to the lesser of (1) the value of the property attached or (2) the amount specified by the writ to be secured by the attachment. Cal. Civ. Proc. Code § 489.310 (c). In state court proceedings, a Judicial Council form is often used in seeking relief under section 489.310. (Declaration of Timothy S. Blackford, ¶ 4, Exhibit A ("Blackford Decl.").) Defendants have not used the state court form for this proceeding, but have included the necessary elements for the motion in this brief and supporting documents.

There is some flexibility in the type of undertaking that may be submitted under section 489.310. Under general California Bond and Undertaking law, whenever a statute provides for an undertaking, a bond that otherwise satisfies the requirements for the undertaking may be given in its place. Cal. Civ. Proc. Code § 995.210. In lieu of a bond, cash or a certificate of deposit of equal value may be deposited. Cal. Civ. Proc. Code § 995.710(a)(1),(3). Such deposit must be accompanied by an agreement executed by the principal authorizing the officer to apply the deposit to enforce the liability of the principal. Ca. Civ. Proc. Code § 995.710(c).

This Court has issued a writ of attachment ordering attachment of all property within California held by Ebix or so much thereof as sufficient to satisfy the amount of the writ of attachment. (August 26, 2010 Order). Defendants Ebix, Inc. and Ebix Software India Private Limited are the only defendants who have an interest in the property subject to attachment.

1  (Declaration of Robert Kerris, ¶ 2 ("Kerris Decl.").)  In accordance with California law, Ebix
2  seeks to substitute an undertaking of its own in order to avoid attachment of its property and
3  regain possession of any property that has been attached.  (*Id.*)

4  Section 489.310 also creates something of a procedural conundrum.  The statute permits
5  defendant to request relief only by noticed motion.  Ebix promptly brought the instant motion as
6  soon as it reasonably could under the statutory scheme.  Because there is no clear authority for
7  requesting this relief on an ex parte basis, there is necessarily a delay between the issuance of a
8  writ and the time when a motion under section 489.310 may be heard.  Accordingly, Ebix has
9  also asked for *ex parte* relief to maintain the status quo pending a ruling on this motion, which has
10 been set for the earliest possible date permitted for a regularly noticed motion.

11 Ebix has $319,192.41 in cash, the amount of the writ of attachment, readily available for a
12 counterbond.  (Kerris Decl., ¶ 3.)  Furthermore, this amount is clearly sufficient to protect
13 Plaintiff's legitimate interest in the writ.  Upon an order from this Court permitting Ebix to
14 substitute an undertaking, Ebix is prepared to deposit with the court a bond or, pursuant to section
15 995.710, legal tender or a certificate of deposit in that amount.  (*Id.*)  Additionally, and in
16 accordance with statutory requirements, Ebix will authorize the clerk of the Court to apply the
17 deposit to enforce Ebix's liability should Plaintiff prevail on his action.  *See* Cal. Civ. Proc. Code
18 § 995.710(c).  (Kerris Decl., ¶ 4.)  Such an undertaking meets the statutory requirements of
19 California Code of Civil Procedure sections 489.310 and 995.010 *et seq.*

20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

### III. CONCLUSION

For the foregoing reasons, the Court should grant Ebix's motion for an order permitting defendant to substitute an undertaking for any of defendant's property in the state which has been or is subject to being attached.

Dated: August 27, 2010

                                      DLA PIPER LLP (US)

                                      By /s/ Timothy S. Blackford
                                          TIMOTHY S. BLACKFORD
                                          Attorneys for Defendants
                                          EBIX, INC. and EBIX SOFTWARE INDIA PRIVATE LIMITED
                                          tim.blackford@dlapiper.com