TIMOTHY S. BLACKFORD (Bar No. 190900)
KATHERINE J. LARSON (Bar No. 259556)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendants
EBIX, INC. and EBIX SOFTWARE INDIA PRIVATE LIMITED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG A. IRVING, an individual, as the Representative of the Shareholders of ConfirmNet Corporation, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EBIX, INC., a Delaware corporation, and EBIX SOFTWARE INDIA PRIVATE LIMITED, a private limited company formed under the laws of India,<br><br>Defendants. | CV NO. 10 CV 0762 JLS (BLM)<br><br>**DECLARATION OF TIMOTHY S. BLACKFORD IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER PERMITTING SUBSTITUTION OF UNDERTAKING FOR PROPERTY THAT HAS BEEN OR IS SUBJECT TO BEING ATTACHED**<br><br>Date: September 30, 2010<br>Time: 1:30 p.m.<br>Courtroom: 6 (3rd Floor)<br>Judge: Hon. Janis L. Sammartino<br><br>Complaint Filed: April 12, 2010<br>Trial Date: Not yet set |

I, Timothy S. Blackford, declare:

1. I am an attorney licensed to practice in the state of California and am a partner at the law firm of DLA Piper LLP (US) ("DLA Piper"), counsel of record for Defendants Ebix, Inc. and Ebix Software India Private Limited (collectively, "Ebix"). I have knowledge of each of the facts set forth in this declaration and if required, could and would competently testify thereto.

2. I received notice by email of this Court's issuance of the writ of attachment the morning of August 27, 2010. That afternoon, I contacted Plaintiff's counsel to inform him that Ebix intended to file a motion to substitute an undertaking of its own for property subject to attachment, pursuant to California Code of Civil Procedure section 489.310. I asked Plaintiff to stipulate not to take further action on the writ of attachment pending determination of Ebix's motion.

3. He stated that he had no authority to agree to any stay of execution of the writ of attachment. He also did not state whether he would oppose an *ex parte* application seeking a stay. As a result, in addition to the instant motion, Ebix filed an *ex parte* application requesting a stay of further action on the writ of attachment pending determination of Ebix's motion.

4. Attached hereto as Exhibit A is a true and correct copy of the Judicial Council form used in state court to bring a motion under California Code of Civil Procedure section 489.310 to substitute an undertaking for property that has been or is subject to being attached.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 27 day of August, 2010 in San Diego, California.

/s/ Timothy S. Blackford

-1-

EAST\43385264.1

10 CV 0762 JLS (BLM)

# EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | **FOR COURT USE ONLY** |
|---|---|---|
| ATTORNEY FOR *(Name)*: | | |
| NAME OF COURT: | | |
| STREET ADDRESS: | | |
| MAILING ADDRESS: | | |
| CITY AND ZIP CODE: | | |
| BRANCH NAME: | | |

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **ORDER**<br>☐ to Set Aside Right to Attach Order, Quash Writ of Attachment, and Release Property Levied Upon<br>☐ to Release Attached Property Exceeding in Value the Amount to be Secured<br>☐ to Substitute Defendant's Undertaking for Property<br>☐ to Increase Plaintiff's Undertaking<br>☐ to Determine Sufficiency of Plaintiff's Sureties<br>☐ to Discharge Attachment and Release Property Levied Upon (Ex Parte)<br>☐ to Release Property Levied Upon Due to Filing of Undertaking on Appeal (Ex Parte)<br>☐ to Reduce the Amount to be Secured by the Attachment | |

1. a. The court has considered the application of defendant
   *(name)*:
   for an order
   (1) ☐ to set aside Right to Attach Order, quash Writ of Attachment, and release property levied upon.
   (2) ☐ to release attached property exceeding in value the amount to be secured.
   (3) ☐ to substitute defendant's undertaking for property.
   (4) ☐ to increase plaintiff's undertaking.
   (5) ☐ determining sufficiency of plaintiff's sureties.
   (6) ☐ to discharge attachment and release property levied upon.
   (7) ☐ to release property levied upon due to filing of undertaking on appeal.
   (8) ☐ to reduce the amount to be secured by the attachment.
   b. ☐ On hearing as follows *(check boxes in items (3) and (4) below to indicate personal presence)*:
   (1) Judge *(name)*:
   (2) Hearing date:          time:          ☐ dept.:    ☐ div.:    ☐ rm.:
   (3) ☐ Plaintiff *(name)*:              ☐ Attorney *(name)*:
   (4) ☐ Defendant *(name)*:             ☐ Attorney *(name)*:
   c. ☐ Ex parte.

2. THE COURT FINDS
   a. ☐ Plaintiff is not entitled to the Right to Attach Order issued on
       *(date)*:
   b. ☐ Nonresident defendant has filed a general appearance and plaintiff has not shown that the Right to Attach order is authorized by a provision other than CCP 492.010.
   c. ☐ The value of defendant's interest in property attached is
       $
       which exceeds the amount necessary to satisfy the amount to be secured by the attachment by
       $
   d. ☐ The defendants named in item 1a are the only defendants who have an interest in the property described in item 2f.
   e. ☐ The following defendants, not named in item 1a, have an interest in the property described in item 2f *(names)*:

*(Continued on reverse)*

---

Form Approved by the
Judicial Council of California
AT-175 [Rev. July 1, 1983]

**ORDER TO SET ASIDE ATTACHMENT, TO SUBSTITUTE UNDERTAKING, ETC. (Attachment)**

CCP 482.030

American LegalNet, Inc.
www.USCourtForms.com

-3-

| SHORT TITLE: | CASE NUMBER: |
|---|---|

2. f. ☐ an undertaking in the amount of
$ is a sufficient substitution for the following property which
   (1) ☐ has been attached *(describe)*:

   (2) ☐ is subject to attachment *(describe)*:

g. ☐ The undertaking is insufficient as follows *(specify)*:

h. ☐ Defendant has recovered judgment against plaintiff and (1) no timely motion to vacate the judgment or for judgment notwithstanding the verdict or for a new trial has been filed and served and is pending and no appeal has been perfected; and (2) no undertaking has been executed and filed as required by CCP 921.

i. ☐ Enforcement of plaintiff's judgment is stayed by the filing of an undertaking on appeal and justification of defendant's sureties
   ☐ has been made.
   ☐ has been waived in writing.
   ☐ has been waived by failure to timely object.

j. ☐ The amount to be secured by the attachment may be reduced by the amount of $
k. ☐ Other *(specify)*:

**ORDER**

3. IT IS ORDERED
   a. ☐ The Right to Attach Order issued on *(date)*: is set aside.
   b. ☐ The Writ of Attachment issued on *(date)*: is quashed.
   c. ☐ The property levied upon pursuant to the Writ of Attachment issued on
      *(date)*: is released as follows:
      (1) ☐ all property.
      (2) ☐ property in the amount of $
      (3) ☐ the following property *(describe)*:

   d. ☐ Defendant may substitute an undertaking for property which has been attached as follows:
      (1) amount of undertaking: $
      (2) property *(describe)*:

   e. ☐ Defendant may file an undertaking to prevent the levy upon property as follows:
      (1) amount of undertaking: $
      (2) property *(describe)*:

   f. ☐ An increase in the amount of plaintiff's undertaking is required to a total undertaking of $
      An undertaking in this amount shall be filed on or before *(date)*:
   g. ☐ Plaintiff shall file an undertaking by *(date)*: with sufficient sureties.
   h. ☐ The amount to be secured by the attachment is reduced to $
   i. ☐ Other:

   j. Total number of boxes checked in item 3

Date:

▶

*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF JUDGE)*

AT-175 [Rev. July 1, 1983]                                          Page two

-4-